UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
TASHA CHAPMAN,

                    Plaintiff,

          -against-                                02 Civ. 9663 (DAB)
                                                        ORDER
TAQWA SECURITY INC.,

                    Defendant.
------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/05

DEBORAH A. BATTS, United States District Judge.

    A Summons and Complaint in this case were filed on December

5, 2002.  By Order dated January 14, 2003, the Court granted the

request by then-unrepresented Defendant corporation Taqwa

Security, Inc. ("Taqwa") an extension of time to move or answer

to March 12, 2003, to allow Defendant "ample opportunity to

obtain an attorney."  Defendant obtained counsel and served its

Answer on March 19, 2003 (although the Answer was not docketed

until August 8, 2003).  On August 8, 2003, the Court issued a

Scheduling Order, pursuant to Fed. R. Civ. P. 16, after holding a

pre-trial conference.  By Order dated November 17, 2003, this

Court informed Defendant's counsel that he could file a Motion to

Withdraw and if no Notice of Appearance was filed by a new

attorney for Defendant corporation, "Plaintiff may move for

1

appropriate relief against Defendant Taqwa." By Order dated December 19, 2003, Defendant's counsel was relieved as counsel, and no new attorney has filed a Notice of Appearance on behalf of Defendant Taqwa. On January 14, 2004, the Court granted Plaintiff's request to file a Motion for Default against Taqwa. Plaintiff now seeks a judgment of default and a determination of damages against Defendant Taqwa. Plaintiff served her Notice of Motion for Default on Defendant on March 30, 2004.

Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court, upon motion or its own initiative, to impose sanctions when a party "fails to obey a scheduling or pretrial order." Among the sanctions that Rule 16(f) authorizes are "any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 37(b)(2)(C) lists default judgment as one of the sanctions that a court may impose on a miscreant party.

While default judgment is "a harsh remedy to be utilized only in extreme situations," Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (internal quotations omitted), "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases." National Hockey League v. Metrop. Hockey Club, 427 U.S. 639, 643 (1976) (per curiam); see also Cine Forty-Second Street Theatre Corp. v.

Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)
("[I]n this day of burgeoning, costly and protracted litigation
courts should not shrink from imposing harsh sanctions where, as
in this case, they are clearly warranted.") Moreover, the
decision to impose default judgment "is committed to the sound
discretion of the district court." Luft v. Crown Publishers,
Inc., 906 F.2d 862, 865 (2d Cir. 1990). Factors for a court to
consider in deciding on the propriety of default judgment in a
given case include: (1) willfulness or bad faith on the part of
the noncompliant party; (2) the history of non-compliance; (3)
the effectiveness of lesser sanctions (4) whether the
noncompliant party had been warned about the possibility of
sanctions; and (5) prejudice to the opposing party. American
Cash Card Corp. v. AT&T Corp., 184 F.R.D. 521, 524 (S.D.N.Y.
1998); Camsat LLC v. 4U Communs. Research, Inc., 01 Civ. 0607,
2002 U.S. Dist. LEXIS 17435 (S.D.N.Y., Sept. 17, 2002) (same).

Weighing these factors, the Court finds that default
judgment is an appropriate sanction to impose on Defendant, where
as here, Defendant has frequently acted in a manner that has
frustrated the pending litigation against it. Defendant ignored
the Court's Order to file a notice of appearance, and by doing
so, has completely thwarted Plaintiff's attempts to litigate her

3

case. Defendant was warned in the Court's November 17, 2003 Order that Plaintiff would be permitted to move for appropriate relief against it, and Defendant was put on notice of Plaintiff's intent to file a Motion for Default by the Court's January 14, 2004 Order, as well as notified of Plaintiff's filing of her Motion for Default. In light of Defendant's willful and repeated flouting of the Court's orders, and failure to participate in this action in good faith, default judgment is the proper sanction for the Court to impose, pursuant to Rule 16(f).

Accordingly, Plaintiff's Motion for Default Judgment is hereby GRANTED and the case is referred to Magistrate Judge Theodore H. Katz for the purpose of an inquest on damages.

It is well-established that a corporation cannot proceed pro se. See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993) (noting that "[i]t has been law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (holding that "a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se").

Defendant shall have until 60 days from the date of this Order to obtain new counsel and file a Notice of Appearance with

the Clerk of the Court, for purposes of appearing before Magistrate Judge Katz for an inquest.

Given the history of this case, and the defiant attitude exhibited by Defendant throughout this litigation, should Defendant fail to file a Notice of Appearance by the time prescribed in this Order, this shall not be a bar to Magistrate Judge Katz going forward with said inquest despite the fact that Defendant has chosen not to proceed.

SO ORDERED.

Deborah A. Batts
United States District Judge

Dated:     New York, New York
           July 15, 2005